Lionel Z. Glancy (#134180)
lglancy@glancylaw.com
Michael Goldberg (#188669)
mmgoldberg@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

Gregory S. Asciolla (pro hac vice)
gasciolla@labaton.com
Hollis L. Salzman (pro hac vice)
hsalzman@labaton.com
William V. Reiss (pro hac vice)
wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

**NO JS-6**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

BOARD OF COMMISSIONERS OF
THE PORT OF NEW ORLEANS,

                        Plaintiff,

        v.

VIRGINIA HARBOR SERVICES,
INC., ET AL.,

                        Defendants.

No. SACV11-00437-GW(FFMx)

**RULE 54(b) FINAL JUDGMENT
ORDER AS TO: (1) VIRGINIA
HARBOR SERVICES, INC.,
ROBERT B. TAYLOR AND
WILLIAM ALAN POTTS; AND (2)
GERALD THERMOS**

Date:  January 19, 2012
Time:  8:30 A.M.
Judge:  The Honorable George Wu
Ctrm:  10

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

1       The Court has considered Plaintiff Board of Commissioners of the Port of

2  New Orleans' ("Plaintiff") Motion for Final Approval of Class Action Settlements

3  with Defendants:  (1) Virginia Harbor Services, Inc. ("VHS"), Robert B. Taylor

4  and William Alan Potts ("VHS Defendants"); and (2) Gerald Thermos

5  (collectively, the "Settling Defendants") and has held a duly-noticed final approval

6  hearing on January 19, 2012.  The Court expressly finds, pursuant to Rule 54(b) of

7  the Federal Rules of Civil Procedure, that there is no just reason for delay, and

8  therefore expressly directs the entry of Final Judgment as to the Settling

9  Defendants:

10       IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

11       1.    The Court has jurisdiction over the subject matter of this litigation.

12       2.    Terms used in this Final Judgment Order which are defined in the

13  Settlement Agreements between the Plaintiff and the Settlement Classes on the one

14  hand and the Settling Defendants on the other hand are, unless otherwise defined

15  herein, used in this Final Judgment Order as defined in the Settlement Agreements.

16       3.    The Court finds that the Marine Pilings Settlements were based on

17  vigorous arm's-length negotiations, which were undertaken in good faith by

18  counsel with significant experience litigating antitrust class actions.

19       4.    The Court finds that due and adequate notice was provided pursuant

20  to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement

21  Classes certified herein, notifying the Settlement Classes of, *inter alia*, the

22  pendency of the above-captioned action and the proposed Marine Pilings

23  Settlements with the Settling Defendants. The notice provided was the best notice

24  practicable under the circumstances and included individual notice by first-class

25  mail to all members of the Settlement Classes who could be identified through

26  reasonable effort as well as notice published in the *Investor's Business Daily* and in

27  *Business Wire*.  Notice fully complied in all respects with the requirements of Rule

28

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

23 of the Federal Rules of Civil Procedure and the due process requirements of the Constitution of the United States.

5.     With respect to the VHS Defendants Settlement Agreement, this Court certifies the following class for settlement purposes only:

> All persons and entities (but excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators, United States federal government entities and the State of Florida and all Florida state and local government entities) who purchased Marine Pilings in the United States directly from Settling Defendants, Named Co-Conspirators, any other Defendant or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 2000 to and including August 31, 2005.

With respect to Thermos, the Court certifies the following class for settlement purposes only:

> All persons and entities (but excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and United States federal government entities) who purchased Marine Pilings in the United States directly from Settling Defendants, Named Co-Conspirators, any other Defendant or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 2000 to and including August 31, 2005.

6.    For the purposes of this Order, "Marine Pilings" means reinforced synthetic pilings and timbers, and related ancillary products, that are used in port and pier construction projects.

7.    The Court finds that certification of the Settlement Classes is appropriate because:

(a)    The Settlement Classes are so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

(b)    There are questions of law or fact common to the Settlement Classes, satisfying the requirements of Rule 23(a)(2), including: (1) did Defendants conspire to raise, fix, maintain or stabilize the prices, rig bids or allocate markets or customers of Marine Pilings purchased in the United States in violation of Section 1 of the Sherman Act; (2) the period of time the conspiracy operated; and (3) whether the conspiracy raised, fixed, maintained or stabilized the prices of Marine Pilings;

(c)    The claims of Representative Plaintiff Board of Commissioners of the Port of New Orleans are typical of the claims of the Settlement Classes, satisfying the requirement of Rule 23(a)(3);

(d)    The Representative Plaintiff will fairly and adequately protect the interests of the Settlement Classes, satisfying the requirements of Rule 23(a)(4);

(e)    Questions of law or fact common to the members of the Settlement Classes, as set forth above, predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

3

1         (f)     The action is manageable as a class action for settlement

2         purposes.

3        8.     The Court's certification of the Settlement Classes as provided herein

4 is without prejudice to, or waiver of, the rights of any Defendant other than the

5 Settling Defendants to contest certification of any other proposed classes.  The

6 Court's findings in this Final Judgment Order shall have no effect on the Court's

7 ruling on any motion to certify any litigation class and no party may cite or refer to

8 the Court's approval of the Settlement Classes as persuasive or binding authority

9 with respect to any motion to certify such a class.

10       9.     The Court finds that no Settlement Class Members have timely

11 requested to be excluded from the Settlement Class(es).

12      10.     The Court finds that the Settlement Agreements with the Settling

13 Defendants are fair, reasonable and adequate to the Settlement Classes within the

14 meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement

15 Agreements are hereby approved pursuant to Rule 23(e) of the Federal Rules of

16 Civil Procedure.

17      11.     The Court finds that the escrow account described in the VHS

18 Defendants Settlement Agreement is a qualified settlement fund ("QSF") pursuant

19 to Internal Revenue Code Section 468B and the Treasury Regulations promulgated

20 thereunder.

21      12.     All claims of Plaintiff and the Settlement Classes that were asserted

22 against the Settling Defendants in the Complaint in the above-captioned Action are

23 dismissed with prejudice, and, except as provided for in the Settlement

24 Agreements, without costs.

25      13.     Plaintiff, Settlement Class Members, their predecessors, successors,

26 past and present parents, subsidiaries, affiliates, divisions, and departments, and

27 each of their respective past and present officers, directors, employees, agents,

28 attorneys, servants, and representatives, and the predecessors, successors, heirs,

executors, administrators, and assigns of each of the foregoing ("Releasing Parties") are permanently barred and enjoined from prosecuting against the Released Parties, as defined in the respective Settlement Agreements, any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasing Parties ever had, now have, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Released Parties, whether known or unknown, suspected or unsuspected, in law or equity, concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Pilings in the United States, which arise under and/or relate to any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in the Class Action Complaint filed in *Board of Commissioners of the Port of New Orleans v. Virginia Harbor Services, Inc. et al.*, No. SACV11-00437 and the Consolidated Amended Class Action Complaint filed in *In re Marine Products Antitrust Litigation*, No. CV10-2319-GW (FFMx) (the "Released Claims"), provided, however, that nothing herein shall release: (1) any claims made by purchasers who are solely indirect purchasers of Marine Pilings as to such indirect purchases; (2) claims involving any negligence, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods or similar claim relating to Marine Pilings; and/or (3) claims under laws other than those of the United States.

14.    Each member of the Settlement Classes has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by section 1542 of the California Civil Code, which reads:

Section 1542. Certain Claims Not Affected by General Release.

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor; and such release shall apply according to its terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of any jurisdiction.

15.     Each member of the Settlement Classes may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of this paragraph, but each of those Settlement Class Members has expressly waived and has fully, finally and forever settled and released all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

16.     The Settling Defendants shall have no obligation for attorneys' fees, costs or expenses, except that VHS shall pay or cause to be paid reasonable costs of disseminating notice of the settlement, including the cost of administration, in an amount not to exceed $25,000 as set forth in ¶ 30 of the VHS Defendants Settlement Agreement.

17.     Nothing in this Final Judgment Order or the Settlement Agreements and no aspect of the settlements or negotiations thereof are or shall be deemed or

1    construed to be an admission or concession of any violation of any statute or law or
2    of any liability or wrongdoing by the Settling Defendants or of the truth of any of
3    the claims or allegations in any of the complaints in the Action or any other
4    pleading, and evidence thereof shall not be discoverable or used, directly or
5    indirectly, in any way, whether in the Action or in any other action or proceeding
6    other than to enforce the terms of this Final Judgment Order or the Settlement
7    Agreements.

8           18.    Without affecting the finality of the Final Judgment in any way, this
9    Court hereby retains continuing jurisdiction for the purposes of, *inter alia*,
10   implementing and enforcing the Settlement Agreements (including any issue that
11   may arise in connection with the formation and/or administration of the QSF),
12   entering orders regarding the disbursement of the Settlement Amounts (as defined
13   in the Settlement Agreements) to the Settlement Classes and to Settlement Class
14   Counsel, and adjudicating the Action with respect to Plaintiff's claims asserted
15   against the non-settling Defendants.

16

17          DONE AND ORDERED in Chambers in Los Angeles, California this 19th
18   day of  January, 2012.

19
20   _____
     HONORABLE GEORGE H. WU
21   UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

7