Michael Goldberg
mmgoldberg@glancylaw.com
Lionel Z. Glancy (#134180)
lglancy@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

Gregory S. Asciolla (*pro hac vice*)
gasciolla@labaton.com
Hollis L. Salzman (*pro hac vice*)
hsalzman@labaton.com
William V. Reiss (*pro hac vice*)
wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS,<br><br>                         Plaintiff,<br><br>          v.<br><br>VIRGINIA HARBOR SERVICES, INC., ET AL.,<br><br>                         Defendants. | No. SACV11-00437-GW (FFMx)<br><br>**RULE 54(b) FINAL JUDGMENT ORDER AS TO: (1) SII, INC., SHI, INC. AND FRANK MARCH; AND (2) ANDREW BARMAKIAN**<br><br>**Date:   September 24, 2012**<br>**Time:  8:30 A.M.**<br>**Judge: Honorable George H. Wu**<br>**Ctrm:  10** |

The Court has considered Plaintiff Board of Commissioners of the Port of New Orleans' ("Plaintiff") Motion for Final Approval of Class Action Settlements ("Marine Pilings Settlements") with Defendants:  (1) SII, Inc., SHI, Inc. and Frank March (collectively, "Seaward Defendants"); and (2) Andrew Barmakian ("Barmakian") (together with Seaward Defendants, "Settling Defendants"), and has held a duly-noticed final approval hearing on September 24, 2012.  The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and therefore expressly directs the entry of Final Judgment as to the Settling Defendants:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court has jurisdiction over the subject matter of this litigation.

2.      Terms used in this Final Judgment Order which are defined in the Settlement Agreements between the Plaintiff and the Settlement Classes on the one hand and the Settling Defendants on the other hand are, unless otherwise defined herein, used in this Final Judgment Order as defined in the Settlement Agreements.

3.      The Court finds that the Marine Pilings Settlements were based on vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

4.      The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Classes certified herein, notifying the Settlement Classes of, *inter alia*, the pendency of the above-captioned action and the proposed Marine Pilings Settlements with the Settling Defendants. The notice provided was the best notice practicable under the circumstances and included individual notice by First Class mail to all members of the Settlement Classes who could be identified through reasonable effort as well as notice published in the *Investor's Business Daily*. Notice fully complied in all respects with the requirements of Rule 23 of the

Federal Rules of Civil Procedure and the due process requirements of the Constitution of the United States.

5.     With respect to the Seaward Defendants Settlement Agreement, this Court certifies the following class for settlement purposes only:

> All persons and entities (but excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and United States federal government entities) who purchased Marine Pilings in the United States directly from the Seaward Defendants, Named Co-Conspirators, any other Defendant or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 2000 to and including August 31, 2005.

With respect to the Barmakian Settlement Agreement, the Court certifies the following class for settlement purposes only:

> All persons and entities (but excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and United States federal government entities) who purchased Marine Pilings in the United States directly from any Defendant or Named Co-Conspirator or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 2000 to and including August 31, 2005.

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

3

1       6.    For the purposes of this Order, "Marine Pilings" means reinforced
2  synthetic pilings and timbers, and related ancillary products, that are used in port
3  and pier construction projects.

4       7.    The Court finds that certification of the Settlement Classes is
5  appropriate because:

6              (a)    The Settlement Classes are so numerous that joinder of all
7                   members is impracticable, satisfying the requirement of Rule
8                   23(a)(1);

9              (b)    There are questions of law or fact common to the Settlement
10                  Classes, satisfying the requirements of Rule 23(a)(2), including:
11                  (1) did Defendants conspire to raise, fix, maintain or stabilize
12                  the prices, rig bids or allocate markets or customers of Marine
13                  Pilings purchased in the United States in violation of Section 1
14                  of the Sherman Act; (2) the period of time the conspiracy
15                  operated; and (3) whether the conspiracy raised, fixed,
16                  maintained or stabilized the prices of Marine Pilings;

17             (c)    The claims of Settlement Class Representative Board of
18                  Commissioners of the Port of New Orleans are typical of the
19                  claims of the Settlement Classes, satisfying the requirement of
20                  Rule 23(a)(3);

21             (d)    The Settlement Class Representative will fairly and adequately
22                  protect the interests of the Settlement Classes, satisfying the
23                  requirements of Rule 23(a)(4); and

24             (e)    Questions of law and fact common to members of the
25                  Settlement Classes, as set forth above, predominate over
26                  questions affecting only individual members, and a class action
27                  is superior to other methods available for the fair and efficient

28

adjudication of the controversy, satisfying the requirements of Rue 23(b)(3).

8.      The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant other than the Settling Defendants to contest certification of any other proposed class.  The Court's findings in this Final Judgment Order shall have no effect on the Court's ruling on any motion to certify any litigation class and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify such a class.

9.      The Court finds that no Settlement Class Members have timely and validly requested to be excluded from the Settlement Classes.

10.     The Court finds that the Settlement Agreements with the Settling Defendants are fair, reasonable and adequate to the Settlement Classes within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Agreements are hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

11.     The Court finds that the escrow accounts described in the Seaward Defendants Settlement Agreement and the Barmakian Settlement Agreement are qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12.     All claims of Plaintiff and the Settlement Classes that were asserted against the Settling Defendants in the Complaint in the above-captioned Action are dismissed with prejudice, and, except as provided for in the Settlement Agreements, without costs.

13.     Plaintiff, Settlement Class Members, their predecessors, successors, past and present parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past and present officers, directors, employees, agents,

attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing ("Releasing Parties") are permanently barred and enjoined from prosecuting against the Released Parties, as defined in the respective Settlement Agreements, any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasing Parties ever had, now have, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Released Parties, whether known or unknown, suspected or unsuspected, in law or equity, concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Pilings in the United States, which arise under and/or relate to any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in the Class Action Complaint filed in *Board of Commissioners of the Port of New Orleans  v. Virginia Harbor Services, Inc. et al.*, No. SACV11-00437 and the Consolidated Amended Class Action Complaint filed in *In re Marine Products Antitrust Litigation*, No. CV10-2319-GW (FFMx) (the "Released Claims"), provided, however, that nothing herein shall release: (1) any claims made by purchasers who are solely indirect purchasers of Marine Pilings as to such indirect purchases; (2) claims involving any negligence, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods or similar claim relating to Marine Pilings; and/or (3) claims under laws other than those of the United States.

14.     Each member of the Settlement Classes has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all

provisions, rights and benefits conferred by Section 1542 of the California Civil Code ("Section 1542"), which reads:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if known
> by him or her must have materially affected his or her
> settlement with the debtor.

Cal. Civ. Code § 1542 (West).

15.     Each member of the Settlement Classes has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by Section 20-7-11 of the South Dakota Codified Laws ("Section 20-7-11"), which reads:

> 20-7-11. Unknown claims not released by general release
>
> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his favor at
> the time of executing the release, which if known by him
> must have materially affected his settlement with the
> debtor.

S.D. Codified Laws § 20-7-11.

16.     Each member of the Settlement Classes may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of this paragraph, but each of those Settlement Class Members has expressly waived and has fully, finally and forever settled and released all rights and benefits existing under (i) Section 1542, Section 20-7-11 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction, and (ii) any law or

principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

17.     The Settling Defendants shall have no obligation for attorneys' fees, costs or expenses.

18.     Nothing in this Final Judgment Order or the Settlement Agreements and no aspect of the settlements or negotiations thereof are or shall be deemed or construed to be an admission or concession of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or of the truth of any of the claims or allegations in any of the complaints in the Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding other than to enforce the terms of this Final Judgment Order or the Settlement Agreements.

19.     Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the Settlement Agreements (including any issue that may arise in connection with the formation and/or administration of the QSFs), entering orders regarding the disbursement of the Settlement Amounts (as defined in the Settlement Agreements) to the Settlement Classes and to Settlement Class Counsel, and adjudicating the Action with respect to Plaintiff's claims asserted against the Defendants.

DONE AND ORDERED in Chambers in Los Angeles, California this 29th day of November, 2012.

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

8